IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-CV-02005-LTB

DONALD W. MOSLEY,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

THIS MATTER is before me on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff, Donald W. Mosley, appeals the final decision of Michael J. Astrue, Commissioner of Social Security, denying her application for Social Security Disability benefits. Oral argument would not materially assist the determination of this appeal. After consideration of the parties' briefs and the administrative record, and for the reasons set forth below, I affirm the ALJ's decision.

    I.    STATEMENT OF THE CASE

On September 19, 2006, Plaintiff applied for disability benefits because he suffered from alleged medical problems that had prevented him from working since November 2003. His application was denied initially. Plaintiff requested a hearing before an ALJ, which was held on October 23, 2008. On December 18, 2008, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's

request for review. Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

II. STATEMENT OF FACTS

A. Background

Plaintiff was born on March 29, 1959, and was forty-nine years old at the time of the Commissioner's decision. Administrative Record ("AR") 26. Plaintiff has an associates degree in auto body service from a community college. AR 26. Plaintiff had worked as a heavy equipment operator, and operated equipment such as street sweepers and snowploughs. That job required him to sit, climb, stoop, kneel, crouch, crawl, reach, handle big objects, lift and carry up to 50 pounds, and frequently lift up to 25 pounds. AR 139-40, 146.

In March 2002, Gregory Schlessinger, M.D., performed a kidney disease evaluation of Plaintiff and noted that Plaintiff had a history of hypertension, gout and low back pain, although the low back pain was no longer an issue. AR 594. He diagnosed Plaintiff with proteniuria. AR 595. In September 2002, Dr. Schlessinger diagnosed focal and segmental glomerulosclerosis. AR 589. In December 2003, Plaintiff developed a severe infection in his left hip that required hospitalization. AR 458-61. Testing and diagnostic findings showed marked osteoarthritis and gross purulence, which was surgically drained. AR 218, 458-461, 538-41. During his hospitalization, Plaintiff was also diagnosed with a history of gout, low back pain, and chronic renal insufficiency. AR 550-53. Plaintiff underwent two additional drainage procedures later that month. AR 227, 454-457, 544-45.

In June 2004, Mr. Mosley was doing better, but continued to have pain and

needed to use a walker to ambulate. AR 253. By September 2004, Plaintiff had progressed to the use of a cane and told his physician he wanted to return to work. AR 259. In October 2004, Plaintiff began physical therapy and reported that his hip motion and ability to walk were improving. AR 264-65, 449, 451. In November 2004, Plaintiff was evaluated by Gregory Reichhardt, M.D. Plaintiff recounted that his pain at its worst was 10 out of 10, at its best was 2 out of 10, and was currently 2 out of 10. AR 690. He diagnosed Plaintiff with left hip osteomyelitis, hip flexion contractures, hypertension, and a history of renal insufficiency syndrome. AR 692. Dr. Reichhardt concluded that Plaintiff should refrain from any squatting, kneeling, crouching, stooping, or climbing; should avoid floor to waist lifting and overhead lifting; should limit pushing/pulling/carrying to 10 pounds occasionally; should climb stairs rarely; and should limit stepping to a seven-inch step. AR 692. He recommended that Plaintiff limit standing to five minutes an hour and instituted a lifting restriction to 10 pounds occasionally. AR 692. Mr. Mosley was not able to return to work and was laid off from his job. He receives long term disability benefits through his employer. AR 126-28, 212-13.

From September 2006 to early 2007, Plaintiff participated in another round of physical therapy with only slight improvement of his overall symptoms. AR 489-512. In April 2007, Claudia Elsner, M.D., examined Plaintiff at the request of the state Disability Determination Services. AR 622-27. Dr. Elsner observed that Plaintiff was unable to stand completely straight and his hip remained flexed; he had difficulty leaning forward especially toward his left side; he needed help removing his socking and shoes; and he had difficultly getting on the examination table. AR 623. She noted that Plaintiff was

3

able to sit comfortably without shifting, rose without assistance, and walked fairly fluently, albeit with a heavy limp and with the appearance that his left leg was shorter than his right. AR 624. She diagnosed Plaintiff with bilateral hip problems, an altered gait, chronic kidney disease, hypertension, renal insufficiency, and obesity. AR 624. She concluded that Plaintiff was unable to perform any work that required walking and climbing, but that he seemed comfortable sitting, and could perform work requiring use of his upper extremities. AR 624, 626. An x-ray of Plaintiff's pelvis confirmed that Plaintiff had extensive sclerosis and irregularity in the left hip and marked irregularity and sclerosis in the right hip. In June 2007, Plaintiff saw Gregory Schelessinger, M.D., who opined that Plaintiff's progressive renal failure would likely require dialysis within the next 3 to 5 years. AR 630.

In September 2008, medical expert Gayle Humm, M.D., responded to interrogatories requested by ALJ Patrick B. Augstine. Dr. Humm opined that Plaintiff's impairments were not presumptively disabling as defined in the Listing of Impairments 20 C.F.R. pt 404, supt. P, app.1). She further opined that Plaintiff could lift up to 20 pounds occasionally, and up to 10 pounds frequently; occasionally carry up to 10 pounds; sit for two hours at a time without interruption for 7 hours of an 8-hour day; stand and walk for 30 minutes a total of 1 hour of an 8-hour work day; and occasionally climb stairs, balance, and stoop. AR 38-44.

B.   Law

A five-step sequential evaluation process is used to determine whether a claimant is disabled under Title II and Title XVI of the Social Security Act which is generally defined as the "inability to engage in any substantial gainful activity by reason

4

of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(B); *see also Bowen v. Yuckert*, 482 U.S. 137, 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Step One is whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. See 20 C.F.R. §§ 404.1520, 416.920. Step Two is a determination whether the claimant has a medically severe impairment or combination of impairments as governed by 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is unable to show that his medical impairment(s) would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. Step Three determines whether the impairment is equivalent to one of a number of listed impairments deemed to be so severe as to preclude substantial gainful employment. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not listed, he is not presumed to be conclusively disabled. Step Four then requires the claimant to show that his impairment(s) and assessed residual functional capacity ("RFC") prevent him from performing work that he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520 (e)&(f), 416.920(e)&(f). Finally, if the claimant establishes a prima facie case of disability based on the four steps as discussed, the analysis proceeds to Step Five where the Commissioner has the burden to demonstrate that the claimant has the RFC to perform other work in the national economy in view of his age, education and work experience. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

C.  ALJ's Ruling

The ALJ ruled that Plaintiff had not engaged in substantial gainful activity since November 28, 2003.  AR 13.  The ALJ next determined that Plaintiff had the following "severe" impairments; degenerative joint disease, bilateral hips; obesity; hypertension.  AR 13.  The ALJ found that Plaintiff does not have an impairment or combinations of impairments that meets or medically equals one of the listing impairments.  The ALJ went on to find that Plaintiff had the RFC to perform sedentary work with the following limitations: lift and carry up to 10 pounds occasionally; sit 7 hours in an 8 hour, with postural shifts as needed which do not require leave of the work station; stand and walk, each, 10 minutes at a time, up to 1 hour in an 8 hour day; and no working at heights, ladder or scaffold climbing, kneeling, crouching, crawling, or balancing; occasional ramp/stair climbing and stooping.  AR 14.  The ALJ found that Plaintiff could not perform any of his past jobs, but, based on the vocational expert testimony, was not disabled because he could perform jobs that existed in the national economy, including final assembler, lens inserter, a film touch-up electronics, and tough-cup screen/printed circuit board.  AR 18-20.

III.  STANDARD OF REVIEW

This court's review is limited to whether the final decision is supported by substantial evidence  in the record as a whole and whether the correct legal standards were applied. *Williamson v. Barnhart*, 350 F.3d 1097, 1098, 60 Fed. Appx. 729 (10th Cir. 2003); *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001); *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000). Thus, the function of my review of the factual findings is to determine whether they "are based upon substantial evidence and inferences

reasonably drawn therefrom; if they are so supported, they are conclusive upon [this] reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). With regard to the application of the law, reversal may be appropriate when the SSA Commissioner either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

IV. ISSUES ON APPEAL

A. Whether There is Substantial Evidence Supporting the Commissioner's Conclusion that Plaintiff Can Perform A Range of Sedentary Work On A Sustained Basis

1. Whether the ALJ Failed to Consider the Impact of All of Plaintiff's Impairments

Plaintiff argues that the ALJ's failure to address the cumulative effect of all of Plaintiffs severe and nonsevere impairments violates 20 C.F.R. 404.1523 and is a reversible error. I reject Plaintiff's argument that the ALJ erred by failing to consider the combined effects of his impairments, specifically, that he did not consider the combine impact of his degenerative joint disease of the hips, obesity, and hypertension. My review of the record reveals that the ALJ adequately assessed Plaintiff's functional limitations, and then satisfactory addressed those limitations in his RFC. Where, as here, the ALJ stated that he considered the "entire record" before him and his decision addressed Plaintiff's various impairments and reported symptoms, there is "nothing to suggest they were not properly considered" in combination. *Eggleston v. Bowen,* 851 F.2d 1244,1247 (10th Cir. 1988). The ALJ did not err.

### 2. Whether the ALJ's Assessment of Plaintiff's RFC is Supported by Substantial Evidence

Plaintiff argues that the ALJ's errors at step two impacted his assessment of Plaintiff's residual capacity. Plaintiff asserts that the clinical findings support his claims regarding the severity, frequency, and duration of his symptoms. Plaintiff testified that he could sit for 30 to 40 minutes, stand for a few minutes, and walk about one-half block. Plaintiff suggests that the ALJ applied improper weight to Dr. Humm's statement that Plaintiff denied complaints of pain on multiple occasions. Plaintiff notes his physical therapy records which he contends note his complaints regarding pain and loss of range of motion in his hips. Dr. Reichardt agreed that Plaintiff needs to limit standing and walking to five minutes per hour. Plaintiff contends that although the ALJ relied on Dr. Humm's assessment as to the duration that he could stand and walk, the ALJ acknowledged that Dr. Humm had not reviewed Dr. Reichardt's findings. Plaintiff goes on to state that the ALJ did not reconcile this inconsistency.

Plaintiff asserts that the ALJ gave great weight to Dr. Elner's report, yet her observation that Plaintiff appeared to sit comfortably during the examination was consistent with Plaintiff' claim that he could sit comfortably for 30 to 40 minutes. Plaintiff contends that the ALJ's findings on this point are not sufficiently specific to enable meaningful review. Plaintiff also contends that his hypertension has caused swelling in his legs and feet which could be painful even while sitting.

Plaintiff also argues that the ALJ did not adequately address his inability to afford treatment and the resulting impact on his credibility and functional abilities. Further, Plaintiff argues, that the ALJ may not rely on minimal daily activities as substantial

8

evidence that a claimant does not suffer disabling pain.

The Commissioner argues that the ALJ reasonably discounted Dr. Reichhardt's opinion concerning Plaintiff's ability to stand and walk because it was not supported by the objective medical findings. No other doctor suggested that Plaintiff was limited to this degree. The Commissioner notes that the ALJ did not accept Dr. Humm's opinion that Plaintiff could walk/stand 30 minutes at a time, but considered the record and concluded that Plaintiff was capable of standing/walking for only 10 minutes at a time, one hour during the day.

As to Plaintiff's ability to sit, the Commissioner notes that although Dr. Elsner did not assess the specific length of time that Plaintiff could sit, no physician identified significant sitting limitations. Even Dr. Reichhardt identified no limitation on sitting. Therefore, the Commissioner argues that the ALJ reasonably found that Plaintiff was capable of sedentary work involving sitting for up to seven hours a day, with postural shifts as needed. The Commissioner goes on to state that Plaintiff cites to no evidence suggesting that his hypertension affected his functional abilities beyond the extent accommodated by the ALJ's residual functional capacity assessment. Finally, the Commissioner states that while the ALJ referenced Plaintiff's activities, he did not state that he was relying on those activities to find that Plaintiff's symptoms were not fully credible.

I find that the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence. Upon review of the record it is clear that no other doctor limited Plaintiff's ability to stand and walk to the extent limited by Dr. Reichhardt and the AlJ reasonably discounted his opinion because it was not supported by objective medical findings. As

9

to Plaintiff's ability to sit, the ALJ's decision was supported by substantial evidence on the record as no physician placed a limitation on siting.  Further, I agree with the Commissioner that none of the medical reports cited to by Plaintiff support that the swelling in Plaintiff's legs resulted from hypertension nor does Plaintiff cite to any evidence suggesting that the hypertension affected his functional abilities beyond the extent accommodated by the ALJ's residual functional capacity assessment.  Finally, I agree with the Commissioner that when the ALJ referenced Plaintiff's activities he did not state that he was relying on those activities to find that Plaintiff's symptoms were not fully credible.  The ALJ did not err on this issue.

   3. Whether the Commissioner met his burden of demonstrating work that Plaintiff could perform existed in significant numbers in the economy

Plaintiff argues because the ALJ analysis of the evidence at Step Two and the RFC determination at Step Three were deficient, the ALJ could not properly rely on the vocational expert's testimony.  As I have already found that the ALJ's analysis at Steps Two and Three was not flawed, for the reasons stated above, I conclude that the ALJ properly found that Plaintiff could perform a significant number of jobs.

Finally, on May 21, 2010 (docket #15), Plaintiff filed a letter with the Court noting that the Commissioner issued a Notice of Award dated May 1, 2010, finding that Plaintiff is entitled to monthly disability benefits beginning June 2009.  But subsequent award of benefits, standing alone, does not mandate remand. *See e.g, Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009) (to obtain remand based on subsequent determination, Plaintiff must, *inter alia*, "show new substantive evidence that might have changed the outcome of the prior proceeding"); *Douglas ex rel.*

*Patterson v. Comm'r of Soc. Sec.*, 2005 WL 3116634, at *1 (11th Cir. 2005) ("A subsequent award of benefits is irrelevant to this case."). In this case, Plaintiff has presented no new evidence that might have changed the outcome of the prior proceeding. Therefore, the subsequent award is not relevant to my determination.

For the reasons stated above, IT IS HEREBY ORDERED that the Commissioner's decision is **AFFIRMED**.

Dated: September   20  , 2010.

BY THE COURT:

　　s/Lewis T. Babcock  
Lewis T. Babcock, Judge